E. A. STROUT FARM AGENCY, Respondent, *v.* ARCHIE GLAD-
STONE, Appellant.

Third Department, December 29, 1919.

**Pleading — amending complaint at Trial Term — action to recover
commission for sale of real property — evidence — charge —
necessity that exception be specific.**

It is not improper to permit an amendment to a complaint at the term at
which the action is to be tried, where said amendment does not introduce
any new cause of action or change the cause of action originally alleged.

In an action to recover commissions for the sale of real property, *held*, that
a verdict in favor of the plaintiff was not against the weight of the evidence.

An exception to a charge must point out specifically the part of the charge
excepted to in order to be available on appeal.

APPEAL by the defendant, Archie Gladstone, from a judg-
ment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of Delaware on the
16th day of May, 1919, upon the verdict of a jury, and also
from an order entered in said clerk's office on the 15th day
of May, 1919, denying defendant's motion for a new trial
made upon the minutes.

*F. W. Hartman* [*A. G. Patterson* and *F. W. Youmans* of
counsel], for the appellant.

*O'Connor & O'Connor* [*Charles R. O'Connor* of counsel], for
the respondent.

LYON, J.:

The only serious question in this appeal arises out of the
charge. The defendant was the owner of a farm of 225
acres, with personal property thereon, situated at Andes,
Delaware county, N. Y. One Fitch was the agent of
the plaintiff. Fitch solicited the sale of defendant's farm.
He says that the defendant offered to sell the same with
all the personal property thereon, excepting one horse, har-
ness, wagon, cutter and his household goods, for $10,000,
Fitch to have as commissions for making the sale any
amount he could get for the property over that sum.
Fitch procured one Aldrich as purchaser for $11,000. Fitch
and Aldrich went to the farm and looked the property over

and saw the defendant, but nothing was said about the price. After looking at the property Fitch and Aldrich went back to Fitch's house, and Aldrich told Fitch he would take it. Fitch notified the defendant that Aldrich would take the property. Aldrich paid Fitch $50 upon the purchase price. On October 2, 1911, Aldrich came to the defendant to complete the purchase, and was willing to pay $11,000 excluding the property which he understood was reserved by the defendant. Fitch came later, but there was nothing said to Aldrich about the price, and Fitch left early the following morning, but did have a talk with the defendant about the transaction in which the defendant testifies he told Fitch he would have to look to the purchaser for his commission. Aldrich and the defendant looked over the property, and discussion arose as to what property was to be included in the contract of sale. This finally culminated in an agreement that Aldrich was to pay $10,000 but was not to have the standing timber, lumber and other personal property, all of which Aldrich valued at between $500 and $600. The court submitted to the jury what property the defendant authorized Fitch to include in the sale, and charged the jury that if the defendant reserved any property which he was not entitled to reserve, the plaintiff was entitled to recover the value of such property, less the $50 paid by Aldrich. The jury found in favor of the plaintiff for $215.50. Judgment was thereupon entered, from which the defendant appeals.

The defendant excepted to the amendment of the complaint, granted at the term at which the action was tried. The amendment did not introduce any new cause of action, nor in fact change the cause of action originally alleged. It cannot be said that the verdict was against the weight of evidence. The evidence was conflicting and a close question of fact was presented.

The appellant contends, however, that the instructions of the court relative to the testimony of the defendant, his wife and son, and the Clarks and Mrs. Christie, as to the occurrence of August 20, 1911, invaded the province of the jury. The charge was: " It does not seem possible that any person who can see, and who has their eyesight and can use their eyes, could mistake the defendant for his son. Now,

either Mr. Clark and his wife and daughter, when they say to you that Gladstone, the defendant, was present and stated those things, and showed them about when they came to the barn on the 20th day of August, are deliberately testifying to things that were untrue, and have committed the crime of perjury here in this court room, or else the defendant and his wife and Ray Gladstone, when they say to you that the defendant was not present and did not come there until they had left are deliberately testifying to untruths, and have committed the same serious crime. If the jury believe that any witness has knowingly testified falsely in relation to a material fact, they must disregard the testimony of such witness as to that fact; and it is within your province and discretion to disregard all of the evidence or testimony they have given in the case."

The respondent, however, contends that as no specific exception was taken to this portion of the charge, it was unavailing. The exception to this portion of the charge was: " 4. The defendant excepts to the comments of the Court as to the testimony of Clark and others with regard to the claimed conversation between Christie and Gladstone," to which the court replied: " I leave it for the jury to say what the evidence of every witness in the case is, including Fitch, Gladstone and the Clarks, and it is for you to say what all of the evidence in the case is, and not for the Court, and it is your recollection of what the evidence in the case is, and not the Court's, which will control you. That applies to each and every witness." The remarks of the court indicate that the court did not understand the exception to apply to the charge of the court regarding the commission of perjury. Had the attention of the court been particularly directed to this portion of the charge, it would doubtless have been modified; at least a different question would be presented.

The court has examined the authorities cited by both parties. The case has been three times tried. The verdict is as favorable to the defendant as he had any reason to expect under the evidence.

The judgment and order appealed from should be affirmed.

Judgment and order unanimously affirmed, with costs.